# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-731V
Filed: June 22, 2022
UNPUBLISHED

| | |
|---|---|
| CAMRYN FISHER<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Robert Krakow, Law Office of Robert Krakow, P.C., New York, NY, for petitioner.*
*Zoe Wade, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 27, 2021, petitioner moved for an award of interim attorneys' fees and costs.  (ECF No. 119.)  Respondent filed his response on December 5, 2021, deferring to the special master regarding the amount and appropriateness of interim fees.  (ECF No. 121.)  Petitioner requests $211,470.30 to be paid for attorney and paralegal fees with an additional $36,594.98 to be paid for other costs for a total of $248,065.28.  For the reasons discussed below, I award petitioner $244,290.28.

### I.   Procedural History

On July 15, 2015, Petitioner's parents, Michelle and Ricky Fisher, filed a petition for compensation on her behalf, alleging that she suffered postural orthostatic tachycardia syndrome ("POTS") caused by receipt of the human papillomavirus vaccine ("Gardasil") administered on July 19, 2012.  (ECF No. 1.)  On June 27, 2016, Special Master Millman issued an order *sua sponte* to amend the case caption, removing

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

petitioner's parents' names and substituting petitioner's own name, as she had reached the age of majority and was able to proceed as sole petitioner.  (ECF No. 31.)

Petitioner filed medical records between September 24, 2015 and November 22, 2016, and a statement of completion on January 29, 2016.  (ECF Nos. 13-18, 22, 26, 27, 35–38.)  Petitioner filed an expert report from Dr. Svetlana Blitshteyn and the accompanying medical literature on March 31, 2017.  (ECF Nos. 46-49.)  Respondent filed his Rule 4(c) report recommending against compensation along with an expert report from Dr. Christopher Gibbons on July 28, 2017.  (ECF Nos. 53, 54.)  Petitioner filed a responsive report from Dr. Blitshteyn on October 10, 2017.  (ECF No. 58.)  Dr. Gibbons' responsive report was then filed on December 19, 2017.  (ECF No. 66.)  This case was reassigned to my docket on June 7, 2019.  (ECF No. 74.)

On September 13, 2019, the parties filed a joint status report selecting mutually agreeable dates for an entitlement hearing to be held in June of 2020.  (ECF No. 81.)  On September 16, 2019, I scheduled a two-day entitlement hearing for June 9, 2020.  (ECF No. 82.)  However, due to the ongoing COVID-19 pandemic, that hearing was rescheduled for June 9, 2021.  (ECF No. 89.)

Following the hearing, petitioner filed the instant motion on October 27, 2021.  (ECF No. 119.)  Respondent filed his response deferring to my judgment on December 5, 2021, petitioner filed her reply on the same day.  (ECF Nos. 121-22.)  Petitioner's motion is now ripe for a decision on interim attorneys' fees and costs.

## II.     Awards of Interim Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act.  *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352.  In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.  In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d at 1375; *see also Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)) (observing three factors that have been considered when exercising discretion to award interim attorney's fees: (1) whether the fee request exceeds $30,000, (2) whether the expert costs exceed $15,000, and (3) whether the case has been pending for over 18 months.)

In light of the above, I exercise my discretion to allow an award of interim fees and costs.  This petition was filed nearly seven years ago.  In that time, petitioner has incurred significant costs relative to securing medical records and expert support for her claim.  Moreover, respondent has not objected, but instead deferred to my discretion as to whether the standard for an interim award of fees and costs is met in this case.

### III. Amount of Reasonable Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam).  However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award.  *Id*. at 484.  Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique."  *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable.").  Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges."  *Duncan,* 2008 WL 4743493.

Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act.  *Avera,* 515 F.3d at 1347.  The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 *(*quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings.  *Id*.  For attorneys receiving forum rates, the decision in *McCulloch v. Secretary of Health & Human Services* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The Office of Special Masters has since updated the *McCulloch* rates to adjust for inflation and the Attorneys' Forum Hourly Rate Fee Schedules for successive years can be accessed online.[2]

---

[2] Each of the Fee Schedules for 2015 through 2022 can be accessed at http://www.cofc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are derived

I have reviewed the billing records submitted by petitioner's counsel. The requested rates are reasonable and consistent with those awarded to Mr. Krakow and Mr. Gerstmann in prior cases. *See, e.g., Blevins v. Sec'y of Health & Human Servs.*, No. 17-1161V, 2021 WL 2768309 (Fed. Cl. Spec. Mstr. June 3, 2021) (approving the requested rates for work performed by Mr. Krakow in 2021); *H.C. v. Sec'y of Health & Human Servs.*, No. 16-4V, 2020 WL 1875183, at *3 (Fed. Cl. Spec. Mstr. Mar. 20, 2020) (approving the requested rates for work performed by Mr. Krakow in 2020); *Jones v. Sec'y of Health & Human Servs.*, No. 16-864V, 2019 WL 5098965, at *3 (Fed. Cl. Spec. Mstr. Aug. 26, 2019) (approving the requested rates for work performed by Mr. Krakow in 2019); *Hodkinson v. Sec'y of Health & Human Servs.*, No. 14-660V, 2018 WL 6819550 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (approving the requested rates for work performed by Mr. Krakow in 2018); *Moxley v. Sec'y of Health & Human Servs.*, No. 06-213V, 2017 WL 5080289, at *1 (Fed. Cl. Spec. Mstr. Oct. 12, 2017) (approving the requested rates for work performed by Mr. Krakow between 2015 and 2017); *Leming v. Sec'y of Health & Human Servs.,* No. 18-232V, 2021 WL 4775786, at *2 (Fed. Cl. Spec. Mstr. Sept. 10, 2021) (approving the requested rates for work performed by Mr. Gerstmann in 2021); *Posniak v. Sec'y of Health & Human Servs.*, No. 16-1351V, 2021 WL 3052646, at *2 (Fed. Cl. Spec. Mstr. June 28, 2021) (approving the requested rates for work performed by Mr. Gerstmann in 2020).

Petitioner also requests an award for work performed by paralegals at a rate of $125 per hour for work completed between 2015 and 2016, $140 per hour for 2017, $150 per hour for 2018, $156 per hour for 2019, $163 per hour for 2020, and $172 per hour for 2021. (Ex. 80, Tab 1.) These requested rates are also consistent with what has been previously awarded to petitioner's counsel in prior cases. *See, e.g., E.S. v. Sec'y of Health & Human Servs.*, No. 17-480, 2021 WL 5816006 (Fed. Cl. Spec. Mstr. Nov. 10, 2021) (approving the requested rates for 2021); *H.C.*, 2020 WL 1875183 at *3 (approving the requested rates for 2019 and 2020); *Gambrill v. Sec'y of Health & Human Servs.*, No. 17-105V, 2018 WL 6787629, at *2 (Fed. Cl. Spec. Mstr. Nov. 29, 2018) (approving the requested rates for 2018); *Moxley,* 2017 WL 5080289, at *2-3 (approving the requested rates for 2017).

Attorneys' costs are subject to the same reasonableness requirements as attorneys' fees. *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375. The majority of the costs incurred in this case are expert fees of Dr. Blitshteyn with the remainder attributed to postage, printing, and medical records requests. (Ex. 80, Tab 3, p. 1.)

Reasonable expert costs are calculated using the same lodestar method used when calculating attorneys' fees. *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009). Regarding expert fees, "[t]he question is not whether [the expert] expended the numbers of hours claimed, but whether it was necessary or reasonable for him to do so." *Baker v. Sec'y*

---

from the decision in *McCulloch*, 2015 WL 5634323. The schedules are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

*of Health & Human Servs.*, No. 99-653V, 2005 WL 6122529, at *4 (Fed. Cl. June 21, 2005) (quoting *Wasson v. Sec'y of Health & Human Servs.*, No. 90-208V, 1991 WL 135015, at *3 (Fed. Cl. Spec. Mstr. July 5, 1991), *remanded*, 24. Cl. Ct. 482, 483 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993)). An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Ceballos v. Sec'y of Health & Human Servs.*, No. 99–97V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004).

In this case, petitioner presented one expert, Dr. Svetlana Blitshteyn, who examined petitioner's medical records, provided two reports, and ultimately participated in a two-day entitlement hearing. Her total bill was $33,075.00. (Ex. 80, Tab 5, p. 3.) Dr. Blitshteyn billed a total of 35.5 hours at $400 per hour for her preparation of expert reports filed by petitioner between 2016 and 2018. (*Id.* at 1–2.) I find this rate reasonable and consistent with previous rates awarded for work performed by Dr. Blitshteyn in the past. *See, e.g., Carey v. Sec'y of Health & Human Servs.*, No. 16-828V, 2018 WL 1559805, at *7 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Barry v. Sec'y of Health & Human Servs.*, No. 12-039V, 2016 WL 6835542, at *9 (Fed. Cl. Spec. Mstr. Feb. 9, 2017); *Turkupolis v. Sec'y of Health & Human Servs.*, No. 10-351V, 2015 WL 393343, at *8 (Fed. Cl. Spec. Mstr. Jan. 9, 2015). However, Dr. Blitshteyn billed a total of 37.75 hours at a rate of $500 per hour for performed preparing for and testifying at trial in 2021. (Ex. 80, Tab 5, pp. 2-3.) Dr. Blitshteyn has never been awarded a rate of $500 per hour, and the amount of the requested increase is higher than what could reasonably be attributed to inflation. Although Dr. Blitshteyn's testimony was relevant to petitioner's case, her performance did not in itself warrant any upward departure from her established rate. As a result, I do not find it reasonable to award her an increased rate for her work at the hearing. **Accordingly, I reduce Dr. Blitshteyn's 2021 rate to $400 per hour, for a total reduction of $3,775.00 and a total award of $29,300.00 in expert fees.**

Petitioner requests an additional $3,519.98 for miscellaneous costs related to medical records requests, postage, and printing. (Ex. 80, Tab 3; Ex. 80, Tab 2, pp. 00-92.) All of these requested costs are reasonable and supported by the appropriate documentation. (Ex. 80, Tab 4.) Accordingly, I award petitioner miscellaneous costs in the amount of $3,519.98.

### IV.     Conclusion

Petitioner requested an award of interim fees and costs totaling $248,065.28. I have concluded an award of interim fees is appropriate. However, in light of the above, I have reduced petitioner's award by $3,775.00 in the form of a rate reduction for work performed by Dr. Blitshteyn in 2021. Thus, with reductions, a reasonable award of interim attorneys' fees and costs is $244,290.28.

Accordingly, petitioner's application for interim attorneys' fees and costs is **GRANTED** and petitioner is awarded **a lump sum in the amount of $244, 290.28,**

**representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Robert Krakow, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).