# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-731V
Filed: February 24, 2023

| | |
|---|---|
| C.F.,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Special Master Horner<br><br>Motion for Redaction; 42 U.S.C.<br>§300aa-12(d)(4)(B) |

*Robert Joel Krakow*, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner
*Zoe Wader*, U.S. Department of Justice, Washington, DC, for respondent

## ORDER GRANTING MOTION TO REDACT[1]

On July 15, 2015, petitioner's parents initiated this action by filing a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on her behalf. On July 2, 2018, this case was recaptioned to petitioner's name when petitioner reached the age of majority and became the petitioner. (ECF No. 71.) On January 20, 2023, a decision was issued dismissing this case. (ECF No. 131.) Petitioner subsequently moved pursuant to Vaccine Rule 18(b) to redact that decision, seeking to have all references to her name reduced to initials. (ECF No. 132.) Respondent opted not to file a response. (Informal Communication (Remark), 2/24/2023.)

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part that "[a] decision of

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **In light of the undersigned's conclusion below, I intend to post this Order with a redacted caption. Petitioner's name does not otherwise appear in this document**. To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information . . . (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy, and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information.  § 300aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts.  *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *6-8.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure. This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions."  *Id*. at *8.  Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate.  *Id*. at *11.

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act.  100 Fed. Cl. 440. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure."  *Id*. at 460-61.  Focusing specifically on the identity of the petitioner, the court observed that it is petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed.  *Id*.  *W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*.  *See, e.g., K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request").

Petitioner raises several persuasive points favoring her redaction request.  First, consistent with *W.C.*, the requested redaction is minimal (involving only the caption and two isolated references to petitioner's name within footnotes in the decision) and will not interfere with disclosure of the medical information underlying the decision's analysis. (Ex. 81, p. 2; Ex. 82 (proposed redactions).)  Second, even though petitioner is now an adult, the petition was initially filed at a time when she was a minor and she further stresses that the medical history at issue is her childhood medical history, which in the ordinary course would not be public. (Ex. 81, p. 3.)  The Vaccine Rules generally

provides for use of initials when identifying a minor. (Vaccine Rule 16(b).)  Here, because this case was filed on her behalf as a minor, she should not necessarily be held to the standard of anticipating at that time the ramifications of the future medical disclosures threatened by publication of the decision ultimately resolving this case.  Third, the medical history at issue does contain sensitive information insofar as it discusses the fact that petitioner sought care from a psychologist and at least raises a question as to whether her condition might have a somatoform disorder.  (Ex. 81, p. 4.)  Moreover, respondent does not object to petitioner's proposed redaction.

      I do stress that petitioner bears a burden of showing that her motion to redact would prevent a "clearly unwarranted" invasion of privacy if granted, even under the more lenient standard discussed by *W.C.  K.L.*, 123 Fed. Cl. at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case").  However, I have previously held that circumstances similar to this meet that standard.  *Compare A.T. v. Sec'y of Health & Human Servs.,* No. 16-393V, 2022 WL 819583, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022) (granting redaction where petitioner, *inter alia*, persuasively explained that "given her age, life stage, and the nature of the medical condition at issue, disclosure of her condition is especially likely to hamper her future prospects.") *with Clark v. Sec'y of Health & Human Servs*., No. 18-813V, 2022 WL 3009557, at *3 (Fed. Cl. Spec. Mstr. July 1, 2022) (denying redaction where "the fact that [petitioner's] identity is linked to a decision discussing the merits of this case does not justify redaction without more").

      Accordingly, petitioner's motion is **GRANTED**.  All references to petitioner's name in the caption and body of the January 20, 2023 Decision will be redacted to instead read "C.F." or "Ms. F."  Additionally, the Clerk of this Court is hereby instructed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

                                                    **s/Daniel T. Horner**
                                                    Daniel T. Horner
                                                    Special Master